UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

cc: BK Appeal
BK Court

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1293 PSG | Date | May 6, 2022 |
|---|---|---|---|
| Title | In re Bruce Elieff, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order DISMISSING for lack of appellate jurisdiction.

Before the Court is an appeal from the U.S. Bankruptcy Court for the Central District of California. Appellant Todd Kurtin ("Kurtin") filed an opening brief. *See generally* Dkt. # 8 ("*Opening Br.*"). Appellee and Chapter 7 Trustee Howard Ehrenberg ("Ehrenberg") answered. *See generally* Dkt. # 9 ("*Answering Br.*"). Kurtin replied. *See generally* Dkt. # 10. The Court ordered Kurtin to show cause why his appeal should not be dismissed for lack of jurisdiction. *See generally* Dkt. # 14 ("*OSC*"). Kurtin timely responded, *see generally* Dkt. # 15 ("*Supp.*"), Ehrenberg opposed, *see generally* Dkt. # 16, and Kurtin replied, *see generally* Dkt. # 17. Having considered the opening, answering, and reply briefs, as well as the supplemental briefing, the Court **DISMISSES** Kurtin's appeal for lack of appellate jurisdiction.

I.    Background

Bruce Elieff ("Elieff") filed for bankruptcy in 2019 under Chapter 11 of the Bankruptcy Code. *See Appellant's Excerpts of Record*, Dkt. # 8-2 ("*ER*"), at 95. Elieff initiated adversary proceedings later that year, advancing several claims to subordinate Kurtin's $34 million proof of claim under 11 U.S.C. § 510 ("Subordination Claims"). Elieff also sought to avoid various prepetition liens Kurtin recorded to secure the same $34 million claim under 11 U.S.C. §§ 544, 547, and 548 ("Avoidance Claims"). *Id.* The Bankruptcy Court dismissed with prejudice one claim under § 510(c)(2), but all other claims were allowed to proceed. *See Appellee's Supplemental Excerpts of Record*, Dkt. # 9-1 ("*SER*"), at 9.

In 2020, the case was converted to a case under Chapter 7 of the Bankruptcy Code, Ehrenberg was appointed as trustee, and he took over as plaintiff in the adversary proceedings. *ER* 95. Later that year, Ehrenberg moved for summary judgment on the surviving Subordination Claims and for either (1) reconsideration of the dismissal with prejudice of the § 510(c)(2) claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1293 PSG | Date | May 6, 2022 |
|---|---|---|---|
| Title | In re Bruce Elieff, et al. | | |

or (2) certification for interlocutory appeal of the order dismissing the § 510(c)(2) claim. *SER* 6–7. The Bankruptcy Court granted summary judgment in Ehrenberg's favor as to the other Subordination Claims under § 510(b) and denied the motion to reconsider—i.e., his § 510(c)(2) claim remained dismissed with prejudice. *SER* 25, 30–31.

The Bankruptcy Court's grant of summary judgment on the Subordination Claims rendered moot Ehrenberg's Avoidance Claims. *ER* 64–65. But rather than dismissing the now moot Avoidance Claims and entering final judgment in the case, the Bankruptcy Court, at Ehrenberg's request, certified for interlocutory appeal its order dismissing the § 510(c)(2) claim and then sua sponte certified for interlocutory appeal its order granting summary judgment on the Subordination Claims. *SER* 36–37; *see also id.* 41–42 (amending the judgment on other grounds). Kurtin elected for the Bankruptcy Appellate Panel ("BAP") to hear the appeal. *ER* 91–92.

Recognizing that his Avoidance Claims were moot, *ER* 64–65, Ehrenberg voluntarily dismissed them on the condition that the Bankruptcy Court permit him to extend the statute of limitations until after the appeal was decided, *see id.* at 17–19. Over Kurtin's objection, the Bankruptcy Court granted Ehrenberg's motion to voluntarily dismiss his Avoidance Claims and extended the statute of limitations as requested. *Id.* at 8. Kurtin now appeals the Bankruptcy Court's extension of the statute of limitations—an apparent issue of first impression in this Circuit. But rather than appealing to the BAP—which he previously did for the Subordination Claims appeal—Kurtin elected to appeal the statute of limitations issue separately to this Court. *See id.* at 6.

While Kurtin's appeal has been pending in this Court, the BAP affirmed the Bankruptcy Court's judgment on interlocutory appeal, and Kurtin immediately appealed to the Ninth Circuit. *Supp.* 4:17–21; Dkt. # 15, Ex. 1.

II.     Standard of Review

Courts may sua sponte question their own jurisdiction over a bankruptcy appeal and determine that issue de novo. *See In re Belli*, 268 B.R. 851, 853 (B.A.P. 9th Cir. 2001).

III.    Discussion

Kurtin maintains that the Court has jurisdiction to hear the instant appeal under 28 U.S.C. § 158(a). *See Opening Br.* 4:13–25; *Supp.* 4:22–5:9. The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1293 PSG | Date | May 6, 2022 |
|---|---|---|---|
| Title | In re Bruce Elieff, et al. | | |

  District courts have jurisdiction to hear bankruptcy appeals "from *final* judgments, orders, and decrees . . . in cases and proceedings." 28 U.S.C. § 158(a)(1) (emphasis added). This jurisdictional finality requirement is "designed to prevent piecemeal litigation, conserve judicial energy, and eliminate delays caused by interlocutory appeals." *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). Generally, a final judgment under 28 U.S.C. § 1291[1] is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Frontier Props.*, 979 F.2d at 1362. Section 1291 does not "permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The goal of this finality rule "is to combine in *one review* all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." *Id.* (emphasis added); *see also Catlin v. United States*, 324 U.S. 229, 233–34 (1945) ("The case is not to be sent up in fragments.").

  Here, the Court lacks jurisdiction under 28 U.S.C. § 158(a)(1) to hear Kurtin's appeal because the Bankruptcy Court's voluntary dismissal order was not "final." Kurtin appeals a voluntary dismissal order that ended the litigation as to only the Avoidance Claims. In other words, the voluntary dismissal order addressed fewer than all claims and did not "end[] the litigation on the merits," leaving "nothing for the court to do but execute the judgment." *See In re Frontier Props.*, 979 F.2d at 1362. The Supreme Court has made clear that appeals are not final "even from fully consummated decisions, where they are but steps towards final judgment in which they will merge." *Cohen*, 337 U.S. at 546. Kurtin appeals a "final order" only in the purely technical sense that it is a "step[] towards final judgment" that merges with Ehrenberg's other claims pending before the Ninth Circuit. *See id.* But the Ninth Circuit has emphasized that finality "must be given a practical rather than a technical construction." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1304 (9th Cir. 1981) (citation and internal

---

[1] The Court also recognizes—and discussed at length in its order to show cause—that courts in the Ninth Circuit often apply a "flexible finality" rule in bankruptcy cases that is not governed by 28 U.S.C. § 1291. *See* OSC at 3–4. However, Kurtin expressly proceeds only "under traditional finality rules"—i.e., under § 1291. *See* Supp. 4:22–24. In any event, flexible finality rules are inapposite here because (1) this is an adversary proceeding, and (2) the Bankruptcy Court clearly did not treat the Avoidance and Subordination Claims as two distinct "proceedings" by certifying the Subordination Claims for interlocutory appeal. *See* OSC at 3–4 (citing *In Re Belli*, 268 B.R. at 854 and *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586–87 (2020)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1293 PSG | Date | May 6, 2022 |
|---|---|---|---|
| Title | In re Bruce Elieff, et al. | | |

quotation marks omitted). Viewed practically, Kurtin's appeal of an order addressing only a fraction of Ehrenberg's claims is not "final" for purposes of 28 U.S.C. § 158(a)(1).

District courts may alternatively hear appeals from interlocutory—i.e., non-final—orders "with leave of the court" under 28 U.S.C. § 158(a)(3). Leave to appeal an interlocutory bankruptcy court order is permissible if the order (1) involves a "controlling question of law," (2) presents "substantial grounds for difference of opinion," and (3) would "materially advance the ultimate termination of the litigation." *In re Thinkfilm, LLC*, No. 12-10037 PSG, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013).

Here, the Court also lacks jurisdiction under 28 U.S.C. § 158(a)(3) because Kurtin did not seek leave to appeal an interlocutory order. In any event, the Court seriously doubts that resolution of Kurtin's appeal would "materially advance the ultimate termination of the litigation." *In re Thinkfilm, LLC*, 2013 WL 654010, at *1. The Avoidance Claims at issue here will come back into play only if the Ninth Circuit reverses the Bankruptcy Court's grant of summary judgment on the Subordination Claims and remands for further proceedings. But if the Ninth Circuit affirms the Bankruptcy Court's judgment or dismisses Kurtin's appeal, the Avoidance Claims will remain dismissed, and this Court's decision would be rendered meaningless. In other words, addressing Kurtin's appeal now will have no bearing on the "ultimate termination" of the case because, depending on the Ninth Circuit's decision, the Avoidance Claims will either (1) proceed alongside the Subordination Claims to a final resolution, or (2) will remain dismissed.

Despite these jurisdictional barriers, Kurtin raises three arguments in defense. First, Kurtin says that a voluntary dismissal without prejudice but with a prejudicial condition is a final appealable order. *Supp.* 6:13–19 (quoting *In re Lownschuss*, 67 F.3d 1394, 1399 (9th Cir. 1995)). While that may be true, the instant case involves the voluntary dismissal of only a *fraction* of Ehrenberg's claims. As such, Kurtin's argument does not really address the Court's primary concern that the voluntary dismissal order finally resolved only a portion of the case. Second, Kurtin does not dispute that he can appeal the statute of limitations issue later if needed but says that he would be prejudiced by such a delay. *See Supp.* 7:1–15. But any prejudice is largely of his own making. Kurtin did not elect to appeal to the BAP—where he may have been able to consolidate this appeal with his other interlocutory appeal—but instead chose to separately appeal this issue to the district court. *See ER* 6. Nor did Kurtin first seek leave to file an interlocutory appeal in the district court under 28 U.S.C. § 158(a)(3). Third, Kurtin argues that Ehrenberg failed to dispute the Court's jurisdiction in his answering brief and so "should be estopped" from doing so now. *Supp.* 7:16–26. But the Court has an "independent duty" to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-1293 PSG | Date | May 6, 2022 |
|---|---|---|---|
| Title | In re Bruce Elieff, et al. | | |

ensure that it has jurisdiction, so Ehrenberg's failure to question the Court's jurisdiction is irrelevant. *See Bank of N.Y. Mellon v. Watt*, 867 F.3d 1155, 1157 (9th Cir. 2017).

In short, the Court lacks appellate jurisdiction under 28 U.S.C. §§ 158(a)(1) and 158(a)(3) and therefore must **DISMISS** Kurtin's appeal.

IV.     Conclusion

For the foregoing reasons, the Court **DISMISSES** Kurtin's appeal for lack of appellate jurisdiction.

This order closes the case.

**IT IS SO ORDERED.**